IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN RUSSELL PENN | § | |
| v. | § | CIVIL ACTION NO. 5:05cv202 |
| PAUL KASTNER, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff John Russell Penn, proceeding *pro se*, filed this lawsuit complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Penn complained that officials at the Federal Correctional Institution in Texarkana had tampered with his legal mail, causing him to be denied access to court. In his complaint, he acknowledged that he had not exhausted his administrative remedies, offering instead the conclusory assertion that such exhaustion was "futile."

On October 18, 2006, the Magistrate Judge issued a Report recommending that Penn's lawsuit be dismissed. The Magistrate Judge first noted that Penn conceded that he had not exhausted his administrative remedies, a statutory prerequisite to the filing of the lawsuit. The Magistrate Judge also observed that the other lawsuit which Penn had filed, the case for which he said that his access to court had been denied, was dismissed because Penn had not exhausted his administrative remedies, and the fact that some of Penn's motions may not have been timely delivered would not have changed this fact. Hence, the Magistrate Judge concluded that Penn had

failed to show that his legal position was harmed by the alleged mail tampering and so the lawsuit was frivolous, as well as being amenable to dismissal for failure to exhaust administrative remedies.[1]

On October 26, 2006, Penn filed a motion for extension of time in which to file objections to the Magistrate Judge's Report. This motion was granted and Penn was given until December 4, 2006 in which to file such objections as he may have. On December 11, 2006, Penn filed a second motion for extension of time, which was granted until January 27, 2007. However, Penn has filed no objections to the Magistrate Judge's Report, despite having had ample time in which to do so; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to exhaust administrative remedies. Finally, it is

---

[1] The Supreme Court has recently held that failure to exhaust is an affirmative defense, and so inmates are not required to specially plead or demonstrate exhaustion in their complaints. Jones v. Bock, 127 S.Ct. 910, 919 (2007). In this case, however, Penn affirmatively stated that he had not exhausted his administrative remedies. Furthermore, district courts may consider certain affirmative defenses *sua sponte* in the context of a Section 1915 frivolousness analysis. *See, e.g.*, Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990) (in *in forma pauperis* proceeding, district court may address affirmative defenses *sua sponte* where defense is "both obvious and facially meritorious.")

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 4th day of April, 2007.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE